[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTIONS FOR POST TRIAL DISCOVERY AND/OR EXAMINATION OF EVIDENCE BY COURT APPOINTED EXPERT; FOR JUDGMENT OF ACQUITTAL; AND FOR A NEW TRIAL.
Jamie St. Pierre was convicted on February 3, 1998, after a jury trial of Robbery in the First Degree, section 53a-134 (a)(4) of the Connecticut General Statutes, and Larceny from a person, section 53a-123(a)(3). Both convictions arose out of the defendant's robbery of a Watertown, Connecticut convenience store on April 12, 1996.
St. Pierre, who is not an indigent, by his motion for post verdict discovery, seeks an order of this court to compel the state perform scientific tests on two surveillance videos from the convenience store. The videos depict portions of the April 12, 1996 robbery. Specifically, the defendant moves the court to order the state to enhance the video frames to determine possible exculpatory evidence. The videos were each available to the CT Page 3358 defendant pretrial and were both introduced as evidence during the concluded jury trial. In the alternative, St. Pierre, by this motion requests the court, pursuant to rule 881, to appoint its own expert for the requested testing. The motion is denied.
The state has represented that it has disclosed all Brady
material. On the existing record, which is comprised only of the evidence offered during the jury trial, the court knows nothing about the nature of the requested testing and the results that might be achieved if such were ordered. The state, in these procedural circumstances, is under no obligation to conduct such testing. State v. Conn., 234 Conn. 97, 118, citing Arizona v.Youngblood, 488 U.S. 51, 58-59 (1988). Further our rule of practice, 881, applies to trial, not post verdict proceedings. However, even if it were applicable, this court, on the existing record, is not persuaded to grant the relief requested.
In support of this discovery motion, St. Pierre relies uponState v. Hammond, 221 Conn. 264 (1992). In Hammond, our supreme court did not grant the defendant's post verdict discovery motion, but mandated that the trial court review the existing scientific evidence in the trial record and then reconsider the merits of that defendant's motions for discovery and a new trial. Here, St. Pierre suggests the possibility that exculpatory evidence might be determined by the requested testing. The court is not persuaded on this record to grant the requested relief. See State v. Brown, 242 Conn. 445 (1997).
Concerning the defendant's motions for a judgment of acquittal and for a new trial, the court thinks that the body of trial evidence is legally sufficient to support the verdicts and continues to rely on its prior rulings of January 29th and 30th in this regard. In all other respects, the court concludes that the motions are without legal merit and are also denied.
Orders may enter accordingly.
William Patrick Murray a judge of the Superior Court